Ward brought an action against Kedswin, in the detinet, and counted that on such a day and year the defendant apud London, in parochia sanct. Mariaede arcubus, in Warda de Cheap, confessed se obligari to the plaintiff by his writing obligatory, quod reddat so much Hamburgh money, equal to so much English money, etc. The defendant prayed oyer of the obligation and had it. It bore date at Hamburgh, and the defendant demurred; for the plaintiff had counted that it was at London, while the date is at Hamburgh, a place beyond the sea. Many books were read to show that he could not declare so. It was answered that notwithstanding a deed bears date of one place, it may be sealed and delivered in another. 31 H., 6; Faits., 104; 21 E., 4, 26, the Abbot of St. Alband's case. Here the deed is well, being dated at Hamburgh; but aliter if it had been apud Hamburgh in Germany. It was objected on the other side that Hamburgh shall not be taken to be a place, but a town, as in 3 E., 3, 68, where Ponte fracto is intended to be a town, and not a place; and in this case it shall be intended to be a town
and beyond the sea, and therefore no action, etc. 3 H., 4, 4. Obligation dated apud London, apud Clarken-well, in Middlesex, although Clarken-well was in Middlesex, yet the declaration was held bad, because it said in London. So here, while he declares that defendant per quoddam scriptumsuum, in Warden de Cheap, etc., concessit se teneri, etc., and upon oyer
the obligation appears to bear date at Hamburgh. But it has been answered that Hamburgh shall not be intended to be a town, but a place; for there is a tavern in London called Antwerpe; yet if in Cheap-Ward there was a place called Hamburgh, in pleadings it shall be intended to be a town. Another exception was taken, that the debt for Hamburgh money was in detinet only; when for money it ought to be in debet et detinet. 38 H., 6, 19; 9 E., 4, 9. But the plaintiff's counsel answered that there is a difference between domestic and foreign coin. When a suit is brought for domestic coin, or foreign current coin, it ought to be in the debet et detinet; but when the demand is for foreign coin, as in bullion, the demand ought to be as here in the detinet; for the court knows not foreign coins. And it was resolved on the first exception that the action lies; and on the second, that it is well brought in the detinet only; and judgment was *accordingly entered for the plaintiff.
Two questions have been made here: (1) At what place the deed shall be intended to have been made? (2) Whether an action for foreign coin ought to be in detinet alone?
If one lays a deed to have been done in any place which is beyond the sea, but this does not appear on the face of the deed, it may be *Page 687 
averred to have been done in any place in England. Here the declaration is that the defendant by his deed became bound, in Warda de Cheap, etc., and, on oyer, the date is at Hamburgh, but it does not appear that Hamburgh is a place beyond the sea, and there may be a place of that name in London, which everybody knows. The Chief Justice has said: "That the trial shall be at the place where the deed bears date, and not where it is supposed to have been delivered; that in this case the deed cannot be intended to have been made in London, while it bears date at Hamburgh, which is beyond the sea, and is payable in coin of that place." But we ought to support the jurisdiction of our court; and Hamburgh money may be contracted for in London.
With regard to the second point: There is an express authority in 34 H., 6, 12. When the action was brought in detinet; and it was held to be well, 9 E., 4, 46, and 6 E., 3 F. Account. It was argued by all that Flemish money ought to be declared in English value. One may be charged for money as receiver; and as bailiff for goods or Hamburgh coin, although it be not current here, as for a horse, a box, etc., and the suit shall be in thedetinet, unless it be for English coin, or foreign coin, made current by proclamation.